## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.M.M., on behalf of his minor child, J.M.A., *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br>Jefferson Beauregard Sessions, III, Attorney General of the United States, *et al.*,<br><br>**Defendants.** | CIVIL ACTION NO. 18-1759 (PLF) |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' <u>MOTION TO TRANSFER VENUE</u>

Plaintiffs respectfully request the Court's permission to file a short response to Defendants' "Supplemental Brief in Support of Defendants' Motion to Transfer Venue." ECF No. 19 (hereinafter "Supplemental Brief"). Defendants' Supplemental Brief raises an entirely new argument under Fed. R. Civ. P. 21 that was not in Defendants' Opposition to Plaintiffs' Motion for TRO, ECF No. 15, and that Defendants did not make at the hearing on July 31, 2018. In fact, what started as a motion to transfer venue disguised as an opposition to a TRO has now morphed into a motion to sever disguised as a motion to transfer. Accordingly, Plaintiffs respectfully request leave to file the attached response to Defendants' Supplemental Brief, which concisely explains why severing Plaintiffs' claims is inappropriate here.

| | |
|---|---|
| August 2, 2018 | **HOGAN LOVELLS US LLP**<br><br>*/s/ Justin Bernick*<br>Justin W. Bernick (DC Bar No. 988245)<br>\*\*T. Clark Weymouth<br>\*\*Zachary W. Best<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br>Telephone: (202) 637-5600<br>Facsimile: (202) 637-5910<br>justin.bernick@hoganlovells.com<br>t.weymouth@hoganlovells.com<br>zachary.best@hoganlovells.com<br><br>\*Oliver J. Armas<br>\*Ira M. Feinberg<br>875 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 918-3000<br>Facsimile: (212) 918-3100<br>oliver.armas@hoganlovells.com<br>ira.feinberg@hoganlovells.com<br><br>\*Katherine A. Nelson<br>1601 Wewatta Street, Suite 900<br>Denver, CO 80202<br>Telephone: (303) 899-7300<br>Facsimile: (303) 899-7333<br>katherine.nelson@hoganlovells.com<br><br>\**admitted pro hac vice*<br>\*\* *admission to court pending*<br><br>*Counsel for Plaintiffs* |

# ATTACHMENT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.M.M., on behalf of his minor child, J.M.A., *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br><br>Jefferson Beauregard Sessions, III, Attorney General of the United States, *et al.*,<br><br>**Defendants.** | CIVIL ACTION NO. 18-1759 (PLF) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF
IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE**

Defendants' Supplemental Brief in Support of Defendants' Motion to Transfer, ECF No. 19 ("Defs.' Suppl. Br."), advances a new argument that the Court should sever Plaintiffs' claims under Fed. R. Civ. P. 21 and transfer some of those claims to the Southern District of California. But the authorities cited in Defendants' own brief make clear that severance is inappropriate here. Indeed, a case cited by Defendants plainly states that "Rule 21 applies when the claims asserted *do not* arise out of the same transaction or occurrence or do not present some common question of law or fact." *Tab Exp. Int'l, Inc. v. Aviation Simulation Tech., Inc.*, 215 F.R.D. 621, 623 (D. Kan. 2003) (emphasis added). Defendants' brief expressly acknowledges this common-sense principle, arguing that "Rule 21 authorizes the severance of any claim . . . [where] they *arise from different factual situations*." Defs.' Suppl. Br. at 14 (quoting *Khanna v. State Bar of California*, No. C-07-2587 EMC, 2007 WL 2288116, at *2 (N.D. Cal. Aug. 7, 2007) (internal

quotation marks omitted) (emphasis added)); *see also id.* at 13 (stating there is a "clear case" for severance where there are "one or two legal theories applied to multiple, unique factual situations"). This makes sense. Where claims are factually and legally distinct, severance does not risk duplication or inconsistent judgments. *See Davidson v. Dist. of Columbia*, 736 F. Supp. 2d 115, 120-21 (D.D.C. 2010) (granting severance of plaintiffs where plaintiffs were improperly joined and claims were not "logically related in any way" and did not "arise out of a common transaction or occurrence").

Here, however, all of Plaintiffs' claims clearly *do* arise from the same transaction or occurrence and *do* present common questions of law and fact. Counts I-III of Plaintiffs' Complaint challenge the government's unlawful policy of deporting Plaintiffs (and other children) without first affording access to asylum procedures. *See* Compl. ¶¶ 108-30, ECF No. 4. Likewise, Count IV challenges the government's unlawful policy of deporting Plaintiffs (and other children) without first affording access to asylum procedures. *See id.* at 40 ¶¶ 1-3 (re-alleging and incorporating paragraphs 1-130 of the Complaint). The claims arise from precisely the same facts and circumstances. And the relief requested for all counts is the same: (i) a declaratory judgment stating that the government's conduct is unlawful pursuant to the INA, the APA, and/or the Fifth Amendment Due Process Clause; (ii) access to mandated asylum procedures; and (iii) the presence and assistance of Plaintiffs' parents as they go through the process of seeking asylum. *See id.* at 40-41. Severance is therefore inappropriate under the very authorities cited in Defendants' brief. *See, e.g.*, *Initiative & Referendum Inst. v. U.S. Postal Serv.*, 154 F. Supp. 2d 10, 13 (D.D.C. 2001) (refusing to sever and transfer claims against same defendant arising from same regulations because it would result in "duplicative litigation").

Moreover, contrary to Defendants' misleading arguments, *see* Defs.' Suppl. Br. at 6-7, Counts I-III are *not* already before Judge Sabraw, in any shape or form. Thus, severing and transferring Counts I-III to Judge Sabraw would *create* (and would not eliminate) duplication and the risk of inconsistent outcomes because this Court would simultaneously hear the same claims pursuant to its exclusive jurisdiction under 8 U.S.C. § 1252(e)(3) that Judge Sabraw would then be considering under general federal question jurisdiction. The first case Defendants cite in favor of severance demonstrates that this is inappropriate. *See Initiative & Referendum Inst.*, 154 F. Supp. 2d at 13. And Plaintiffs would be prejudiced as a result. *Accord Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 104 F. Supp. 2d 279, 288 (S.D.N.Y. 2000) ("whether the party opposing the severance will be prejudiced if it is granted" is among factors to consider in determining whether severance would advance the administration of justice (internal quotation marks and citations omitted)).

Finally, regardless of the Court's decision on this issue, Plaintiffs request that the Court issue a temporary restraining order to maintain the status quo by continuing the current stay of removals at least until 48 hours after the Court resolves whether Plaintiffs are entitled to preliminary injunctive relief under 8 U.S.C. § 1252(e)(3) in the claims pending before this Court.

| | |
|---|---|
| August 2, 2018 | **HOGAN LOVELLS US LLP**<br><br>*/s/ Justin Bernick*<br>Justin W. Bernick (DC Bar No. 988245)<br>\*\*T. Clark Weymouth<br>\*\*Zachary W. Best<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br>Telephone: (202) 637-5600<br>Facsimile: (202) 637-5910<br>justin.bernick@hoganlovells.com<br>t.weymouth@hoganlovells.com<br>zachary.best@hoganlovells.com |

3

*Oliver J. Armas
*Ira M. Feinberg
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
oliver.armas@hoganlovells.com
ira.feinberg@hoganlovells.com

*Katherine A. Nelson
1601 Wewatta Street, Suite 900
Denver, CO 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
katherine.nelson@hoganlovells.com

**admitted pro hac vice*
*** admission to court pending*

*Counsel for Plaintiffs*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing PLAINTIFFS' MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE, AND ATTACHMENT, with the Clerk of the Court through the ECF system on August 2, 2018.  This system provided a copy to and effected service of this document on all parties.

By: /s/ *Justin Bernick*
Justin Bernick (DC Bar No. 988245)