## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.M.M., on behalf of his minor child, J.M.A., *et al.*, | |
| **Plaintiffs,** | CIVIL ACTION NO. 18-1759 (PLF) |
| **v.** | |
| Jefferson Beauregard Sessions, III, Attorney General of the United States, *et al.*, | |
| **Defendants.** | |

### PLAINTIFFS' RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER

Pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 65.1, Plaintiffs hereby move this Court to enter an immediate temporary restraining order ("TRO") to continue the current stay of removals until at least 48 hours after the Court resolves whether Plaintiffs are entitled to preliminary injunctive relief under 8 U.S.C. § 1252(e)(3) in the claim pending before this Court. Alternatively, Plaintiffs ask the Court to enter an order stating that a TRO will automatically issue if Judge Sabraw lifts the stay of removals currently in place in *Ms. L.*

In its ruling on Defendants' oral motion to transfer, this Court determined that it possesses exclusive jurisdiction under 8 U.S.C. § 1252(e)(3) to determine whether "Defendants' alleged policy of depriving children of their right to pursue independent asylum claims, in combination with other threatened actions, could well result in the removal of these plaintiffs and other separated children from the country without due process and possibly in violation of

8 U.S.C. § 1252(e)(3)."  (ECF No. 25 at 7).  The Court transferred Plaintiffs' other claims based alternatively on general federal question jurisdiction to Judge Sabraw in the United States District Court for the Southern District of California.  While Plaintiffs appreciate the Court's position that Judge Sabraw "should be entrusted to untie this sailor's knot" in the first instance, we also understand that the Court intended to keep Plaintiffs' 1252(e)(3) claim "*alive* in this Court" – the *only* Court that can hear this claim.  (ECF No. 25 at 8, 10) (emphasis added).

Defendants have agreed to stay removals through Monday, August 6, 2018.  This Court ultimately should preliminarily and permanently enjoin Defendants' unlawful policy under 8 U.S.C. § 1252(e)(3).  A TRO is necessary to keep Plaintiffs' claims "alive" because the children subject to Defendants unlawful policy could be removed as early as Tuesday, August 7, 2018, without any ruling from this Court on the merits of their 1252(e)(3) claim.  A TRO is necessary to prevent substantial and irreparable harm, including the threat of severe physical harm or even death following the removal of Plaintiffs and hundreds of children like them.  Because Judge Sabraw could lift the pending stay of removals in *Ms. L* before this Court could otherwise provide effective injunctive relief in this case, Plaintiffs ask the Court at a minimum to enter an order stating that a TRO will automatically issue if Judge Sabraw lifts that stay.

## BACKGROUND

Plaintiffs filed their Complaint and Initial Motion for Temporary Restraining Order and Preliminary Injunction on July 27, 2018.  The Complaint alleged four causes of action:  violation of the Due Process Claus of the Fifth Amendment (Count I), petition for a writ of mandamus under 28 U.S.C. § 1361 (Count II), violation of the Administrative Procedure Act under 5 U.S.C. § 706(2)(a) (Count III), and judicial review of Defendants' policy under 8 U.S.C. § 1252(e)(3) (Count IV).

Defendants filed an opposition to Plaintiffs' motion on July 30, 2018, arguing that the Court should transfer this case to the United States District Court for the Southern District of California for consideration with the *Ms. L* class action pending before Judge Sabraw.  (ECF No. 15.)  This Court held a hearing on Plaintiffs' TRO Motion on July 31, 2018, during which defendants orally moved to transfer venue.  *See* July 31 Hr'g Tr. at 32.  After additional briefing on the issue of transfer (ECF Nos. 19, 23), this Court granted Defendants' motion to transfer venue on the evening of Friday, August 3, 2018.  (ECF No. 24.)  In granting Defendants' motion, this Court severed and transferred Claims I-III to the Southern District of California to be considered with the *Ms. L.* class action.  (ECF No. 25 at 11-13.)  The Court retained jurisdiction over Count IV, however, rightly recognizing that it could only be brought in the United States District Court for the District of Columbia.  (*Id.* at 9-11.)  In its opinion, the Court stated that Judge Sabraw would need to resolve Plaintiffs' pending motion for TRO and preliminary injunction, and stated that it did not need to issue a separate TRO because of the Defendants' agreement not to remove Plaintiffs or their parents through August 6, 2018.  (*Id.* at 13.)

However, this Court did not address Plaintiffs' request for a TRO preventing removal of all children and parents affected by the government's unlawful policy until this Court resolves Plaintiffs' motion for a preliminary injunction as to Count IV.  Nor did the Court enter a briefing or hearing schedule as to Count IV.  Absent relief from the Court, Plaintiffs, hundreds of children like them, and their parents could be removed as early as Tuesday, August 7.  Therefore a TRO to maintain the status quo is needed immediately.

## ARGUMENT

A plaintiff may seek a TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure. A plaintiff seeking a TRO must establish four elements:  (1) likelihood of success on the merits,

(2) likelihood of suffering irreparable harm absent injunctive relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Counsel*, 555 U.S. 7, 20 (2008).  The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction.  *Lofton v. District of Columbia*, 7. F. Supp. 3d 117, 120 (D.D.C. 2013).  For the reasons set forth below and in Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 6), which is still pending before the Court, each of these elements are satisfied.  Despite several opportunities to explain why a TRO should not issue, Defendants have not disputed any of these elements and instead have merely taken the position – now rejected by this Court – that the Court has no jurisdiction to hear Plaintiffs' 1252(e)(3) claim.

There is no reason to delay issuing a TRO on Plaintiffs' 1252(e)(3) claim; indeed, critical reasons exist to issue a TRO immediately.  Plaintiffs meet all four elements of the *Winter* test. *First*, Plaintiffs are likely to succeed on the merits because Defendants' policy of removal without affording Plaintiffs the opportunity to seek asylum is clearly unlawful.  Congress gave non-citizen children the statutory right to apply for asylum in the Immigration and Naturalization Act ("INA").  *See* (ECF No. 6-1 at 10-23).  Denial of those rights violates both the INA and the Fifth Amendment due process clause.  *Second*, hundreds of children will suffer irreparable harm if this Court does not issue injunctive relief due to the denial of their statutory and constitutional rights and the likelihood of encountering persecution and violence if they are removed without the opportunity to seek asylum.  *See id.* at 23-25.  *Finally*, the public interest and balance of equities strongly favor granting a TRO because of the public's interest in preserving statutory and constitutional rights, and the lack of cognizable harm to Defendants from being required to follow the law and afford Plaintiffs their rights to seek asylum.

This Court already has acknowledged Plaintiffs' likelihood of success and the harm that Plaintiffs and hundreds of other children are likely to suffer if an injunction does not issue: "Defendants' alleged policy of depriving children of their right to pursue independent asylum claims, in combination with other threatened actions, could well result in the removal of these plaintiffs and other separated children from the country without due process and possibly in violation of 8 U.S.C. § 1252(e)(3)." (ECF No. 25 at 7).  Although Defendants opposed Plaintiffs' original motion for injunctive relief, Defendants never addressed the imminent harm that Plaintiffs will suffer if they are removed before the lawfulness of the Defendants' policy can be adjudicated. *See* (ECF No. 15).

While this Court's order said that Judge Sabraw will have to "resolve the pending motion for a temporary restraining order and preliminary injunction," (ECF No. 25 at 13), Plaintiffs' 1252(e)(3) claims are pending before *this* Court.  Plaintiffs request only that the Court keep those claims "alive" by preserving the status quo in *this* case, even if Judge Sabraw ultimately "untie[s] this sailor's knot" in the first instance. *Id*. at 8, 10.  Defendants have vehemently argued that *no* Court – including Judge Sabraw – has jurisdiction to hear Plaintiffs' claims, or jurisdiction to stay the removal of Plaintiffs and/or their parents. *See, e.g.*, (ECF No. 15 at 6); *see also* Defs.' Opp. to Mot. for TRO in *Ms. L* (arguing that Judge Sabraw "lacks jurisdiction" to grant a stay of removal because the INA "strips district courts of jurisdiction to enjoin execution of a final expedited removal order.").  This Court is the only Court that has acknowledged jurisdiction over Plaintiffs' claims and that has exclusive jurisdiction over 1252(e)(3) claims.  With the threat of imminent removal as early as Tuesday, August 7, 2018, it is critically important that the Court preserve the status quo over those claims by issuing a TRO now.  It would be disastrous if this Court's transfer of certain of Plaintiffs' claims inadvertently denied Plaintiffs the rights that

Congress provided to victims of unlawful government policies to bring a systemic challenge under 8 U.S.C. § 1252(e)(3).

A TRO would not interfere with Judge Sabraw's efforts to "untie the sailor's knot" – it would simply give this Court the time to consider how Judge Sabraw's ultimate decision on any interrelated issues raised by Plaintiffs' claims arising under general federal question jurisdiction impact resolution of Plaintiffs' separate 1252(e)(3) claims.   Moreover, because 8 U.S.C. § 1252(e)(3) permits Plaintiffs to ultimately seek an injunction against Defendants' unlawful policy of denying the right to pursue asylum, all individuals subject to that unlawful policy – including Plaintiffs and the hundreds of children like them – should be included in the TRO. Finally, the children's parents should be included in the TRO – consistent with the existing stay agreed to by the government – because Plaintiffs seek relief in which the parents would remain with them as they move through required asylum procedures.

Alternatively, Plaintiffs respectfully ask the Court to enter an Order stating that a TRO will automatically issue if Judge Sabraw lifts the stay on removals currently in place in *Ms. L.* Such an order would ensure, at the very least, that the current stay will remain in place – and the status quo will be preserved – while Plaintiffs' claims are "active" and pending before this Court.

## CONCLUSION

For the foregoing reasons, Plaintiffs request ask the Court to issue a TRO to maintain the status quo by continuing the current stay of removals until at least 48 hours after the Court resolves whether Plaintiffs are entitled to preliminary injunctive relief under 8 U.S.C. § 1252(e)(3) in the claim pending before this Court.

August 4, 2018

**HOGAN LOVELLS US LLP**

*/s/ Justin Bernick*
Justin W. Bernick (DC Bar No. 988245)

6

Zachary W. Best (DC Bar No. 1003717)
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
zachary.best@hoganlovells.com

*Oliver J. Armas
*Ira M. Feinberg
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
oliver.armas@hoganlovells.com
ira.feinberg@hoganlovells.com

*Katherine A. Nelson
1601 Wewatta Street, Suite 900
Denver, CO 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
katherine.nelson@hoganlovells.com

*Counsel for Plaintiffs*

\* *admitted pro hac vice*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| M.M.M., on behalf of his minor child, J.M.A., *et al.*, | CIVIL ACTION NO. 18-1759 (PLF) |
| **Plaintiffs,** | |
| **v.** | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |
| Jefferson Beauregard Sessions, III, Attorney General of the United States, *et al.*, | |
| **Defendants.** | |

Upon consideration of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 6), Plaintiffs' Renewed Motion for a Temporary Restraining Order, and other submissions filed in support thereof, the Court finds that:

1. Plaintiffs have demonstrated a substantial likelihood of success on the merits of their claims for a permanent injunction against Defendants' policy of removing children from the United States before permitting them the opportunity seek asylum pursuant to their rights under the Immigration and Nationality Act ("INA") (including 8 U.S.C. §§ 1225, 1229a, 1152, and 1158) and for a declaratory judgment that the Policy violates the INA.

2. Plaintiffs have demonstrated that immediate and irreparable injury will result to Plaintiffs in this action if a Temporary Restraining Order is not entered against Defendants because the Policy would result in removal of Plaintiffs and other migrant children in violation of

the INA under circumstances where Plaintiffs and other migrant children have a well-founded fear of persecution and life-threatening violence in their country of origin.

3. Plaintiffs have demonstrated that issuance of a Temporary Restraining Order will not cause substantial harm to Defendants, since it will only maintain the status quo pending resolution of the merits of this case.

4. Plaintiffs have demonstrated that issuance of a Temporary Restraining Order is in the public interest and that the balance of equities favors Plaintiffs, because it protects Plaintiffs' rights under the INA to pursue asylum based on Plaintiffs' well-founded fear of persecution and life-threatening violence in their country of origin.

For these reasons and those set forth in the accompanying opinion, it is hereby

**ORDERED** that the Motion for a Temporary Restraining Order is **GRANTED**. Defendants and their officers, agents, servants, employees, attorneys, and all those who are in active concert or participation with them are hereby **TEMPORARILY RESTRAINED** from removing from the United States, until the merits of Plaintiffs' motion for a preliminary injunction is resolved: (a) "All adult parents who enter the United States at or between designated ports of entry who (1) have been, are, or will be detained in immigration custody by the DHS, and (2) have a minor child who is or will be separated from them by DHS and detained in ORR custody, ORR foster care, or DHS custody, absent a determination that the parent is unfit or presents a danger to the child," as modified by the Court's class definition in *Ms. L v. ICE*, No. 18-cv-428, ECF No. 82 (S.D. Cal. June 26, 2018) (Sabraw, J.), and their children; (b) all such parents who have already been reunified, and their children; (c) all such parents who have allegedly waived reunification, and their children; and (d) all such parents whose background checks or case file reviews have allegedly raised "red flags," and their children.

2

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to any persons or entity that may be subject to any provision of this Order, including their officers, agents, servants, employees, attorneys, and all those who are in active concert or participation with them or have any involvement in the removal of individuals from the United States. Within two (2) business days of receipt of this Order, Defendant shall submit to counsel for Plaintiffs a truthful sworn statement identifying those persons and/or entities to whom this Order has been distributed.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 65(b) and Local Rule 65.1(c) that Defendants are required to respond to Plaintiffs' pending Motion for Preliminary Injunction on August 9, 2018.  Plaintiffs reply shall be due on August 16, 2018.  This Order shall stay in effect until such time as the Court rules on Plaintiffs' pending Motion for a Preliminary Injunction.

**IT IS SO ORDERED**, at _____ am/pm on this _____ day of _____, 2018.

_____
**UNITED STATES DISTRICT JUDGE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed the foregoing PLAINTIFFS' RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER, with the Clerk of the Court through the ECF system on August 4, 2018.  This system provided a copy to and effected service of this document on all parties.

By: <u>/s/ *Justin Bernick*</u>
Justin Bernick (DC Bar No. 988245)