**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| M.M.M., ON BEHALF OF HIS MINOR CHILD J.M.A., *ET AL.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:18-CV-1759 (PLF) |
| JEFFERSON BEAUREGARD SESSIONS, III, ATTORNEY GENERAL OF THE UNITED STATES, *ET AL.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER

On Friday, August 3, 2018, the Court severed three of Plaintiffs' four claims and transferred them to Judge Sabraw in the Southern District of California. *See* ECF Nos. 24, 25. Plaintiffs now contend that, in so ruling, the Court failed to address their request for stays of removal until their individual claims under 8 U.S.C. § 1252(e)(3) are fully adjudicated. Therefore, Plaintiffs request an immediate class-wide temporary restraining order (TRO) to continue the current pause on removals until at least 48 hours after this Court has decided that claim, or, alternatively, an order stating that a TRO will automatically issue if Judge Sabraw lifts the current stay of removals in *Ms. L*. ECF No. 27 at 1. But the Court *did* address Plaintiffs' request, and even if it had not, section 1252(e) specifically and the Immigration and Nationality Act (INA) generally divest this and any federal court of jurisdiction to enjoin the execution of a final expedited removal order. ECF No. 25 at 12–13; 8 U.S.C. §§ 1252(a)(2)(A)(i), 1252(e)(1), (2), (4); *see* 8 U.S.C. § 1252(g).

More fundamentally, the Court has already recognized that allowing Plaintiffs to litigate their non-1252(e) claims and obtain relief in this forum is inconsistent with the claims and

requests for relief raised by the *Ms. L* class members—the parents of the Plaintiffs here—before Judge Sabraw in the Southern District of California. *See* ECF No. 25 at 9, 11–12. Plaintiffs' attempt to "renew" their class-wide request for stays of removal by presenting them as a challenge to a policy, under a statute that specifically disallows the Court from granting stays of removal and prohibits such claims to proceed as class actions, should be rejected.

## BACKGROUND

Plaintiffs filed this case on July 27, 2018, long after a class of parents filed their own lawsuit in the Southern District of California seeking to be reunited with their children during and after their removal proceedings. *See* Amended Complaint with Class Action Allegations, *Ms. L. v. ICE,* No. 18-cv-428 (S.D. Cal. Mar 9, 2018), ECF No. 32. Plaintiffs here—the children of the *Ms. L* class members—allege that Defendants "have deprived them of their right to pursue their own, independent asylum claims after reunification with their parents" and sought "to temporarily restrain defendants from depriving them of their right to pursue asylum upon reunification with their parents pending a full hearing on their preliminary injunction motion." ECF No. 25 at 3, 4.

This Court recognized that claims presented by Plaintiffs in this case and the claims presented by Plaintiffs' parents in the consolidated *Ms. L* cases[1] "represent two sides of the same coin: whether and to what extent parents may waive their children's rights to pursue asylum and whether and to what extent children may independently assert their individual asylum rights." ECF No. 25 at 11. The Court accordingly severed and immediately transferred three of Plaintiffs' four claims—their due process, mandamus, and Administrative Procedure Act (APA) claims—to

---

[1] Various cases have been consolidated with *Ms. L*, *See N.T.C. v. ICE*, No. 18-6428, 2018 WL 3472544 (S.D.N.Y. July 19, 2018); Order, *E.S.R.B. v. Sessions*, No. 18-6654 (S.D.N.Y. July 24, 2018), ECF No. 4.

Judge Sabraw in the Southern District of California, but, recognizing that Plaintiffs' purported claim under 8 U.S.C. § 1252(e)(3) (which seeks the same stays of removal as Plaintiffs' other three claims) cannot possibly proceed in any other district, allowed Plaintiffs to continue to litigate that claim in this Court. ECF Nos. 24, 25. The Court specifically stated that "Judge Sabraw will have to consider whether to certify a class and, more immediately, resolve the pending motion for a temporary restraining order and preliminary injunction. As Defendants have agreed not to remove Plaintiffs or their parents until August 6, 2018 if Plaintiffs' claims are transferred, no temporary restraining order is necessary from this Court at this time." ECF No. 25 at 13.

Despite that clear statement of the Court's reasoning, Plaintiffs "renewed" their motion for stays of removal under section 1252(e)(3). *See* ECF No. 27. Defendants previously opposed such stays, *see* ECF Nos. 15, 19, and as discussed below, continue to oppose such stays.

## **ARGUMENT**

The Court should deny Plaintiffs' request for a TRO enjoining their removal during the pendency of their section 1252(e)(3) claims. *See* ECF No. 27 at 2. Courts may issue temporary restraining orders only if the plaintiffs demonstrate that: (1) they are substantially likely to succeed on the merits, (2) they will be irreparably injured in the absence of a TRO, (3) the TRO will not substantially injure the defendants, and (4) the TRO furthers the public interest. *Barton v. Dist. of Columbia*, 131 F.Supp.2d 236, 241 (D.D.C. 2001); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

The Court has already deferred Plaintiffs' request for an injunction to Judge Sabraw as part its transfer of Claims I, II, and III. *See* ECF No. 25 at 13 ("Judge Sabraw will have to consider whether to certify a class and, more immediately, resolve the pending motion for a

3

temporary restraining order and preliminary injunction.").[2] That Plaintiffs have "renewed" that request under section 1252(e)(3) should not change that conclusion at this time.

Here, Plaintiffs cannot establish a likelihood of success on the merits because they have failed to state a claim under section 1252(e)(3), and the class-wide injunction they seek in the form of stays of removal for the named Plaintiff children and their parents is barred by sections 1252(e)(1)(a), (e)(3), and (g). Furthermore, Plaintiffs cannot establish sufficient irreparable injury before this Court because the alleged violation of their right to seek asylum is a direct result of the election forms approved by class counsel and Judge Sabraw in *Ms. L*, and reflect valid parental decisions (and which are directly at issue in the pending *Ms. L* litigation). Judge Sabraw should decide issues related to these election forms, including timing and execution.

**I.   The Court Should Deny Plaintiffs' Request for Stays of Removal because they are not Likely to Succeed on the Merits of their Section 1252(e) Claim.**

Plaintiffs have failed to demonstrate that they are substantially likely to succeed on the merits of their section 1252(e)(3) claim. *See Winter*, 555 U.S. at 22. Section 1252(e)(3)(A)(ii) allows for judicial review only of a "regulation, or *written* policy directive, *written* policy guideline, or *written* procedure" that, in implementing section 1225(b), resulted in Plaintiffs' parents' purported expedited removal orders. 8 U.S.C. § 1252(e)(3)(A)(ii) (emphasis added). But Plaintiffs have not identified any new regulation or written policy document implementing section 1225(b). Plaintiffs allege the existence of an unwritten policy, certainly. *See, e.g.*, ECF No. 1 ¶ 4. But as this Court explained long ago, "based on the clear language of the jurisdictional provision of [section 1252](e)(3)(A)(ii), this Court cannot review *unwritten* policies or practices

---

[2] The Court has already explained that Judge Sabraw has consented to the transfer and consolidation of Claims I–III to the *Ms. L* cases, ECF No. 25 at 12, which reinforces Defendants' argument that Judge Sabraw is in the best position to rule on Plaintiffs' motion for preliminary relief.

but rather must limit its review to a 'regulation, a written policy directive, written policy guideline, or written procedure.'" *American Immigration Lawyers' Ass'n ("AILA") v. Reno*, 18 F.Supp.2d 38, 58 (D.D.C. 1998) (emphasis added), *aff'd* 199 F.3d 1352 (D.C. Cir. 2000). Without a regulation or written document for the Court to review, it is impossible for Plaintiffs to succeed on their claim that such a regulation or written document unlawfully subjected their parents to an expedited removal order. *Id.* Moreover, Plaintiffs fail to state a claim under 8 U.S.C. § 1252(e)(3) because they fail to allege that they are not themselves subject to expedited removal orders. Plaintiffs are therefore not entitled to a TRO.

Plaintiffs' claim that the Court has "rejected" Defendants' argument that the Court lacks jurisdiction over Count IV. ECF No. 27 at 4. Not so. While the Court "decline[d] to construe defendants' motion to transfer venue as a motion to dismiss Count IV," nothing in the Court's order indicates that it rejected Defendants' jurisdictional argument (nor do Plaintiffs point to any such language). ECF No. 25 at 10 n.4. The Court simply explained that in ruling on Defendants' motion to sever and transfer venue, "the question is not whether plaintiffs are subject to a removal order or whether they have sufficiently alleged a written policy for purposes of 8 U.S.C. § 1252(e)(3) (Count IV). Rather, the question is whether Count IV could be brought in the transferee court for purposes of 28 U.S.C. § 1404(a)." ECF No. 25 at 10 n.4. Now that that issue has been resolved, the relevant question is whether Plaintiffs are likely to succeed on the merits of their claim that Defendants entered an expedited removal order against Plaintiffs' parents pursuant to an allegedly unlawful "regulation, or *written* policy directive, *written* policy guideline, or *written* procedure" implementing section 1225(b). 8 U.S.C. § 1252(e)(3)(A)(ii).

As discussed above and in earlier briefing and oral argument, Plaintiffs have not pointed to any such regulation or written document.[3] Notably, Plaintiffs' renewed motion does nothing to advance this argument. Rather, Plaintiffs' conclusory allegations are insufficient to support this claim. And, even Plaintiffs' broad allegations regarding the potential existence of written directives are tied specifically to compliance with *Ms. L,* rather than any implementation of section 1225(b). Compl. ¶ 62 ("DHS, ICE and other Defendants promulgated, at some point after June 2018, internal written directives implementing the reunification order in Ms. L and Executive Order 13841."). Defendants' compliance with the court's order in Ms. L is not the type of new policy or directive that is subject to challenge only in this district under section 1252(e)(3). Defendants reiterate that granting Plaintiffs injunctive relief on that basis opens the door to improper horizontal appeals of the decisions of other district courts. Thus, it is impossible for them to succeed on a claim that such a regulation or written document unlawfully resulted in their parents' expedited removal orders. *See AILA*, 18 F. Supp. 2d at 58. Plaintiffs have not demonstrated their entitlement to a TRO, and nothing in the Court's August 3 order changes that conclusion.

## II. Even if Plaintiffs' Claims are Cognizable under Section 1252(e), the INA Divests this and Every Court of Jurisdiction to Stay Plaintiffs' Removal.

Even if the Court rules that Plaintiffs may have satisfied the standard for a TRO—which, as discussed above, they have not—the Court still must deny Plaintiffs' "renewed" requests for

---

[3] To the extent Plaintiffs are again asserting that the waivers used by Judge Sabraw form the basis of their section 1252(e)(3) claim, the Court has already decided that it is not in a position to second-guess the manner in which Judge Sabraw is overseeing the *Ms. L* cases. ECF No. 25 at 12 ("To the extent plaintiffs' claims turn on the interpretation of the waiver form approved in the *Ms. L* class action, for instance, Judge Sabraw is better suited to the task than this Court."). And of course, a challenge in the Southern District of California to the implementation of an order issued by a judge in the Southern District of California would not be barred by section 1252(e)(3).

stays of their parents' purported expedited removal orders. As courts across the country have recognized, the INA generally and specifically divests federal district courts of the authority to "enter declaratory, injunctive, or other equitable relief in any action pertaining to" any aspect of the expedited removal process, including the execution of such expedited orders. 8 U.S.C. §§ 1252(e)(1)(A), (g); *see, e.g.*, *Morales-Batres by de Morales v. Bennett*, No. 1:18-cv-00033, 2018 WL 1733379, at *2 (S.D. Tex. Mar. 1, 2018) (denying TRO motion because "[s]ubsection (e)(1) provides that no court may enter 'declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1)'" (quoting 8 U.S.C. § 1252(e)(1))), *adopted by* 2018 WL 1730311, at *1 (S.D. Tex. Apr. 10, 2018); *Castro v. U.S. Dep't of Homeland Sec.*, 163 F. Supp. 3d 157, 163–65 (E.D. Pa.) (holding that the INA precluded review of negative credible-fear determinations and that "[t]o find otherwise would require [the court] to do violence to the English language to create an 'ambiguity' that does not otherwise exist"), *aff'd*, 835 F.3d 422 (3d Cir. 2016), *cert. denied sub nom.* 137 S. Ct. 1581 (2017); *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1162 (D.N.M. 2014) (noting how "[s]ubsection (e) of § 1252 strips courts of jurisdiction" to enter injunctive relief); *Diaz Rodriguez v. U.S. Customs & Border Prot.*, No. 6:14-cv-2716, 2014 WL 4675182, at *4 (W.D. La. Sept. 18, 2014) (same); *Tale v. U.S. Dep't of Homeland Sec.*, No. CIV.A. 4:06-cv-02335, 2006 WL 4692468, at *1 (S.D. Tex. July 13, 2006) ("[B]ecause the applicable statute does not confer jurisdiction upon this Court, Plaintiff's application for injunctive relief must be, and hereby is, denied.").[4] The INA makes clear that this Court does not have jurisdiction over

---

[4] Additionally, each of these cases, as well as many others from multiple courts of appeals, stands for the proposition that such a bar on jurisdiction does not violate the Suspension Clause as applied to similarly situated aliens. *See, e.g.*, *Castro*, 835 F.3d at 445–46 ("[T]he Supreme Court has unequivocally concluded that 'an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application." Petitioners were

such claims for relief. Specifically, other than as permitted under 8 U.S.C. § 1252(e), and "[n]otwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have jurisdiction to review[:]" (1) "any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of" an order of expedited removal, (2) "a decision by the Attorney General to invoke the provisions of" section 1225(b)(1) (governing expedited removal), (3) "the application of such section to individual aliens," including the credible fear determination, or (4) "procedures and policies adopted by the Attorney General to implement the provisions of" section 1225(b)(1). 8 U.S.C. § 1252(a)(2)(A)(i)–(iv). Section 1252(e) provides for habeas review of expedited removal orders, but only for "(A) whether the petitioner is an alien; (B) whether the petitioner was ordered removed under [the expedited removal statute, 8 U.S.C. § 1225], and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for

---

each apprehended within hours of surreptitiously entering the United States, so we think it appropriate to treat them as 'alien[s] seeking initial admission to the United States.' And since the issues that Petitioners seek to challenge all stem from the Executive's decision to remove them from the country, they cannot invoke the Constitution, including the Suspension Clause, in an effort to force judicial review beyond what Congress has already granted them.") (internal citations omitted); *Pena v. Lynch*, 815 F.3d 452, 456 (9th Cir. 2015) (noting "the jurisdiction-stripping provisions of the statute retain some avenues of judicial review, limited though they may be" and rejecting argument that inability to raise due process challenge to expedited removal proceeding violates any right alien unlawfully present after crossing the border illegally and subject to an expedited removal order might have); *Khan v. Holder*, 608 F.3d 325, 329–30 (7th Cir. 2010) (rejecting the petitioners' constitutional "safety value" argument, and holding that Seventh Circuit aligns itself "with the courts that have considered the issue and hold that we lack jurisdiction to inquire whether the expedited removal procedure to which the [petitioners] were subjected was properly invoked."); *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1141 (9th Cir. 2008) (holding that the "narrow habeas review of expedited removal orders does not raise [Suspension Clause] problems"); *Vaupel v. Ortiz*, 244 F. App'x 892, 896 (10th Cir. 2007) (rejecting the petitioner's "constitutional challenge to the expedited removal procedures," and holding that "[b]ecause [petitioner's] claims on appeal seek review of the expedited removal order beyond the limited scope of review permitted in habeas corpus proceedings by § 1252(e), we do not have jurisdiction to consider them.").

permanent residence, has been admitted as a refugee . . . , or has been granted asylum," such status not having been terminated. 8 U.S.C. § 1252(e)(2)(A)–(C). But those issues are not present here. Plaintiffs plainly ask the Court to enjoin the "operation of" their parents' expedited removal orders. *See, e.g.*, ECF No. 27 at 2. Such relief is clearly precluded by the INA, and so the Court must deny Plaintiffs' request.[5]

Plaintiffs are essentially raising the same argument the Court ordered them to present to Judge Sabraw, *i.e.*, that the Plaintiffs' rights to seek asylum are being unlawfully subjugated to their parents' rights to waive such rights to seek asylum. *See* ECF No. 25 at 11. Even though Plaintiffs now present that argument—and request corresponding stays of removal—under the guise of section 1252(e)(3), the Court has already decided that Judge Sabraw is in the best position to determine whether and to what extent those two competing interests can coexist. *See* ECF Nos. 24, 25 at 8. In presenting their "renewed" motion for preliminary relief, Plaintiffs have flipped the jurisdictional standard on its head: instead of arguing that their due process rights are being suppressed by their parents' rights, they argue instead that their parents have been unlawfully subjected to expedited removal orders under an ill-defined government policy of denying children the opportunity to seek asylum under section 1225(b). *See, e.g.*, ECF No. 27 at 2 (referring to Defendants' "unlawful policy"). The parties and the Court agree that this Court is the only court in the country that is statutorily authorized to adjudicate such a claim, but that does not change the fact that Plaintiffs have not adequately pleaded such a claim. *See supra* at I.

---

[5] The language of 8 U.S.C. § 1252(e)(1) does not allow for any equitable relief in claims under 8 U.S.C. § 1252(e)(3). Any tension between 8 U.S.C. § 1252(e)(1) and 8 U.S.C. § 1252(e)(3) is of no consequence here given that Plaintiffs cannot establish a likelihood of success under their 8 U.S.C. § 1252(e)(3) claim.

Not only do Plaintiffs ignore the applicable statutory prohibitions to injunctive or other equitable relief, but they also ignore those same restrictions and this Court's holdings that "Count IV cannot proceed as a putative class action." ECF No. 25 at 9, citing 8 U.S.C. § 1252(e)(1). Accordingly, the Court is prohibited from issuing a temporary restraining order as Plaintiffs define in their proposed order. *See* ECF No. 27-1 at 2 (requesting a temporary restraining order applying to "all adult parents. . . and their children. . . .").

Dated: August 6, 2018

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

SCOTT G. STEWART
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

JEFFREY S. ROBINS
Assistant Director, Office of Immigration Litigation
District Court Section

Respectfully submitted,

*/s/ Briana Yuh*
BRIANA YUH
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: (202) 532-4165
Facsimile: (202) 305-7000
Briana.Yuh@usdoj.gov

*Attorneys for Defendants*